# INCORPORATION OF JEANNETTE BOROUGH.

APPEAL BY E. M. GROSS FROM THE COURT OF QUARTER SESSIONS OF WESTMORELAND COUNTY.

Argued October 9, 1889—Decided October 28, 1889.

1. A notice that an application for the incorporation of a borough would be made on February 7, 1889, published in a weekly paper on January 9, 16 and 23, 1889, and in a daily paper on January 4, 5 and 7, 1889, is a sufficient compliance with the act of June 2, 1871, P. L. 283, providing that such notice should be published for a period of not less than thirty days immediately preceding the application.

2. Where a plan or plot was filed with an application for the incorporation of a borough, but not attached to the application, it is not error for the court to permit counsel to certify to the fact that the plot was filed as stated, and to direct the clerk to mark the plot filed nunc pro tunc, as of the time of filing the petition.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 139 October Term 1889, Sup. Ct.; court below, No. 71 February Term 1889, Q. S.

On February 7, 1889, the petition of sundry persons was presented for the incorporation of the borough of Jeannette. On February 9, 1889, the grand jury reported that the conditions of the act of assembly had been complied with, and that it was expedient to grant the prayer of the petitioners.

No plot or draft was attached to the application. From the affidavit of publication it appeared that a notice that the application would be made to the court on February 7, 1889, had been published in Greensburg Weekly Record on January 9, 16 and 23, 1889, and in the Daily Record on January 4, 5 and 7, 1889.

On May 18, 1889, E. M. Gross, filed, inter alia, the following exceptions:

2. The record shows that public notice of the intended application for the charter was not given for a period of not less than thirty days immediately preceding the presentation of said petition. The proceedings are, therefore, fatally defective, and the charter must be refused.[1]

3. The record is defective because there is no plot or draft attached to the application for the charter, and it is difficult from the paper filed, marked A, to determine the boundaries of the proposed borough.[2]

On June 7, 1889, the court, HUNTER, P. J., filed the following opinion:

. The only person protesting is a non-resident freeholder, while the request comes from resident freeholders without a dissenting voice. It is within the breast of the court, that if there be any place which needs municipal government, that place is Jeannette.

Opinion of Court below.

Admitting that the exceptant may be heard, the exceptions are purely technical, and, as disclosed on the argument, the purpose of the exceptant is to establish an independent borough on the plan of the lots which he laid out, many of which have been sold and improved. We have examined with great care, the exceptions filed, together with the general borough laws, and the only one that needs, in our opinion, any consideration is the third. We are assured by counsel, however, that the plot was filed in the prothonotary's office with the petition, and if the prothonotary neglected to mark the same filed, the petitioners should not be prejudiced thereby. We are not disposed to disregard the request of the bona fide residents and freeholders of the proposed borough, who are, as we have said, unanimous in their request. We see nothing fatal in the exceptions, while an exceptionally intelligent grand jury carefully considered the question and gave the application their approval. [To make the record correct, however, we think the clerk should mark the plot or draft filed nunc pro tunc (according to the fact), as of the time of filing the petition, and we will permit the counsel for the petitioners to certify to the fact.] [3]

And now June 7, 1889, upon due consideration, the exceptions are dismissed.

The same day the certificate of counsel was filed, and also the plot nunc pro tunc as of February 7, 1889. The exceptant then took this appeal averring that the court erred:

1–2. In dismissing his exceptions.[1][2]

3. In the portion of the opinion embraced in [ ] [3]

*Mr. J. S. Moorhead* (with him *Mr. John B. Head*), for the appellant.

Counsel cited: Act of June 2, 1871, P. L. 283; North Whitehall Tp., 47 Pa. 156; Osborne Bor., 101 Pa. 284; act of May 9, 1889, P. L. 174.

*Mr. Vin. E. Williams* (with him *Mr. L. W. Doty* and *Mr. A. M. Sloan*), for the appellees.

Counsel cited: North Whitehall Tp., 47 Pa. 156; Summit Bor., 114 Pa. 362.

Statement of Facts.

PER CURIAM:

The exceptions taken in the court below to the incorporation of the borough of Jeannette, and assigned for error here, are without merit. The public notice required by law appears to have been given. The plot or draft referred to was, by some inadvertence, not marked filed at the time it was presented to the court. This omission was cured by the following order: "To make the matter correct, however, we think the clerk should mark the plot or draft filed nunc pro tunc (according to the fact), as of the time of filing the petition, and we will permit the counsel for the petitioners to certify to the fact."

The order or decree of the court below incorporating the borough of Jeannette is affirmed.

