# Swissvale Borough Incorporation. Appeal of James and Henry Deniston.

*Practice, Q. S.—Borough incorporation—Appeal by two persons quashed.*

An appeal from the decree of quarter sessions directing the incorporation of a borough lies only when taken " by not less than three persons aggrieved thereby ; " hence it follows that an appeal must be quashed when taken by only two persons.

*Statutes—Repeal—Appeals in borough incorporation.*

Repeal by implication is not favored, and there is no such essential repugnancy between the Act of May 9, 1889, P. L. 174, regulating appeals from decree incorporating a borough, and that of June 26, 1895, P. L. 389, as will warrant the construction that the former act is repealed by the latter.

Argued Nov. 21, 1898. Appeal, No. 54, April T., 1899, by James and Henry Deniston, from decree of Q. S. Allegheny Co., March Sess., 1898, No. 44, incorporating the borough of Swissvale. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Petition for the incorporation of the borough of Swissvale. Before FRAZER, J.

It appears from the record that a petition of a majority of the freeholders of the villages of Swissvale and Hawkins accompanied by a surveyed draft of the territory was presented and filed, praying for the incorporation of the ground therein described by metes and bounds and adjoiners into the borough of Swissvale. Exceptions to the incorporation of the borough were filed by James and Henry Deniston. A commissioner was appointed to take testimony. His report was filed, exceptions filed were dismissed and a decree incorporating the borough of Swissvale entered by the court. Exceptions were filed to the final order of the court which were overruled. James and Henry Deniston appealed.

*Errors assigned* were (1) in finding as a fact "that the conditions prescribed by law have been complied with, and that it is expedient to grant the prayer of the petitioners." (2) In dismissing the fourth exception filed by exceptants, now appel

lants, to the application for the incorporation of said borough of Swissvale, which fourth exception was as follows: "That due and proper advertisement as required by law of the above proceedings and of the filing of above stated petition has not been made as your exceptant is informed and believes." The fact being that said petition for incorporation was filed May 6, 1898, and the first advertisement was made on May 6, 1898, and the first day of the next term was Monday, June 6, 1898, which if the preceding Sunday be omitted from the calculation left but twenty-nine instead of thirty days' advertisement prior to the commencement of the next term.

*W. S. Dalzell*, of *Dalzell, Scott & Gordon*, for appellee.— Moved to quash the appeal in the above entitled cause, assigning the following reason: Because it appears of record that said appeal has been taken by two freeholders, to wit: James Deniston and Henry Deniston, whereas the Act of 1889, P. L. 174, provides that no appeal shall lie from a decree incorporating a territory into a borough unless said appeal shall be taken by not less than three persons aggrieved by said decree. The only appellate jurisdiction in such cases was, prior to that act, a certiorari: In re Incorporation of the Borough of Osborne, 101 Pa. 284; Camp Hill Borough, 142 Pa. 511.

This being the law, the legislature passed an act, approved May 9, 1889, P. L. 174, prohibiting the taking of an appeal from a decree of the quarter sessions incorporating a borough unless said appeal was taken by not less than three freeholders.

Therefore, when the Act of May 9, 1889, P. L. 174, restricting appeals from decrees incorporating boroughs to such as might be taken by not less than three persons, it necessarily included an appeal in the nature of a certiorari. We submit that the Act of 1895, P. L. 389, is not in any way inconsistent with the Act of 1889, P. L. 174. The act of 1895 makes no provision for appeals; it simply refers to the rights of parties interested in the court below. In fact, it has so been decided by the Supreme Court: Incorporation of Wilkinsburg Borough, 131 Pa. 365.

The case referred to, to wit: In re Incorporation of the Borough of Emsworth, does not decide anything whatever as to the act of 1889, relating to appeals.

*Francis S. Bennett*, for appellant, against the motion to quash.—The Act of May 9, 1889, P. L. 174, providing that an appeal in such cases will only lie when taken by not less than three persons aggrieved is repealed by the Act of June 26, 1895, P. L. 389.

In the case of the Incorporation of the Borough of Emsworth, 5 Pa. Superior Ct. 29, a motion made to quash the appeal was refused, and it appears by the record in that case that the appeal was taken by only two persons instead of by three persons aggrieved as required by the act of 1889.

OPINION BY RICE, P. J., January 18, 1899:

When proceeding were statutory and no appeal was given by the statute, certiorari was the proper mode of review, prior to the Act of May 9, 1889, P. L. 158, in which the legislature declared that all appellate proceedings in the Supreme Court theretofore taken by writ of error, appeal or certiorari should thereafter be taken in a proceeding called an appeal. It was the exclusive mode of bringing up for review proceedings incorporating a borough: Osborne Borough (Rhoads's Appeal), 101 Pa. 284. On the same day that the act above referred to was approved, another act was approved, which provided, that in proceedings for the incorporation of a borough " an appeal shall lie from any such decree, within twenty days from the recording of such decree, by not less than three persons aggrieved thereby, to the Supreme Court of this commonwealth ": Act of May 9, 1889, P. L. 174. We are of opinion that the intention of the legislature was not to give an additional remedy, leaving the remedy by certiorari at the instance of any person aggrieved unimpaired, but to regulate the existing remedy. It follows that the appeal must be quashed for the reason that it was taken by only two persons, unless the law has been changed by later legislation. This was practically conceded by the appellant's counsel, but he argued that the Act of June 26, 1895, P. L. 389, repealed the provision of the act of 1889 under consideration. Repeals by implication are not favored. It is a rule founded in reason as well as in abundant authority, that in order to give an act not covering the entire ground of an earlier one, nor clearly intended as a substitute for it the effect of repealing it, the implication of an intention to repeal must necessarily

flow from the language used, disclosing a repugnancy between its provisions and those of the earlier law, so positive as to be irreconcilable by any fair, strict or liberal construction of it: Endlich on Interpretation of Statutes, sec. 210. There is no such repugnancy between the provisions of the two acts. The former relates exclusively to the proceedings for bringing the case up for review; the latter to the proceedings in the court of quarter sessions. The provision of the act of 1895 that any party interested may file exceptions to the proceedings was simply declaratory of a right which was always recognized in practice. But the right of a single person interested to file exceptions and to contest the proceedings in the quarter sessions cannot be said to carry with it, by necessary implication, the right of such person to appeal from the decision of that court when the statute regulating the subject declares that in order to bring up the case for review the appeal must be taken by not less than three persons.

This question was raised in Emsworth Borough, 5 Pa. Superior Ct. 29, but was not decided; and in order that it should not be assumed that it was decided, we expressly said that no opinion was expressed regarding it.

The appellee's motion is allowed and the appeal is quashed.