## Incorporation of Rouseville Borough. Appeal of Cornplanter Township et al.

*Borough incorporation—Remedy on appeal defined.*

The Act of May 9, 1889, P. L. 174, does not give to any three persons aggrieved by any decree incorporating a borough the right of an appeal upon the merits so that upon appeal every question that could possibly arise in the court below is reviewable by the appellate court. The remedy by such appeal is in the nature of a certiorari, and in the absence of abuse of discretion distinctly charged and clearly established the judgment of the quarter sessions upon all questions of fact and expediency is final.

Argued May 16, 1899. Appeal, No. 63, April T., 1899, by Cornplanter Township et al., from decree of Q. S. Venango Co., incorporating the borough of Rouseville. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Petition for incorporation of borough. Before CRISWELL, P. J.

It appears from the record that the inhabitants of the town of Rouseville in the township of Cornplanter and in the county of Venango filed a petition praying for the incorporation of said town by the style and title of Rouseville Borough. Exceptions

were filed by the township of Cornplanter and others, inter alia, as follows :

[3. The limits described in the said petition for the proposed borough include a large body of land upon which there are no dwellings ; the said limits including about 550 acres of land, while all the dwelling houses except five are within an area not exceeding seventy-five acres.] [1]

[4. The erection of the proposed borough would work great injustice to the taxpayers of the residue of the township of Cornplanter.] [2]

The court found, inter alia, [the location of the village is such that drainage and sanitary regulations are necessary.] [5] . . . .

[Its (the village's) inhabitants need the additional power conferred upon boroughs to grade and pave streets and construct sidewalks, which townships do not have.] [6]

. . . . [The village is a growing one,] [7] and decreed the incorporation of the village.  Exceptants appealed.

*Errors assigned* among others were (1, 2) in overruling third and fourth exceptions, reciting same.  (5–7) To certain findings of fact by the court, reciting same.

*C. Heydrick*, with him *C. I. Heydrick*, for appellants.

*John L. Mattox*, with him *William Orr*, for appellees.

OPINION BY W. D. PORTER, J., December 11, 1899 :

The assignments of error all go to the manner in which the learned court below decided the question of fact and expediency arising in this proceeding.  It is frankly conceded by appellants that the determination of such questions, by the court of quarter sessions, is not reviewable by this court upon appeal, unless such revisory jurisdiction is conferred by the Act of May 9, 1889, P. L. 174.  Appellants earnestly contend that the act mentioned gave to any three persons aggrieved, by any decree incorporating a borough, the right of an appeal upon the merits, and that upon such appeal every question that could possibly arise in the court below is reviewable by this Court.  Prior to 1889 the proceedings of the quarter sessions were only re-

viewable upon certiorari. The legislature had delegated to the quarter sessions a discretion to determine all questions of fact and expediency in certain proceedings of a public nature, in the consideration of which a knowledge of local conditions and necessities was of great importance. The laying out of public roads, incorporation of boroughs, granting of licenses to public houses and proceedings of like character involve questions of fact, necessity and expediency, and the legislature conferred the jurisdiction to decide those questions upon the court the judges of which were most directly in touch with the community to be affected by the adjudication. The judgments of the quarter sessions were reviewable by the Supreme Court upon certiorari, which brought up only the record proper, of which the testimony is not a part. If the record disclosed want of jurisdiction to enter the decree, or illegality in the proceedings, the judgment was reversed; Borough of West Philadelphia, 5 W. & S. 281. In the absence of an abuse of discretion, distinctly charged and clearly established, the judgment of the quarter sessions upon all questions of fact and expediency was final: Swoyerville Borough, ante, p. 118, and cases cited in opinion in that case filed this day.

Two acts of assembly were approved on May 9, 1889, P. L. 158 and 174. The first act simply substituted the name of appeal, for what had been called a certiorari, and related to forms of procedure, leaving the jurisdiction of the appellate court unchanged. Had the legislation stopped there, it would have still been within the power of any one person, who thought himself aggrieved by the incorporation, to appeal and have the proceedings reviewed. The second act, P. L. 174, provides that, when a decree has been entered incorporating any borough, "An appeal shall lie from any such decree within twenty days from the recording of such decree by not less than three persons aggrieved thereby." These acts are of the same date and are to be construed together. The appeal provided for in the second act is the same which received its name in the first act, and neither of the acts affected the revisory powers of the appellate court. The second act did not provide a new and more extensive remedy, when three persons joined in the appeal, leaving the old remedy with restricted revisory powers to the solitary litigant. The acts, taken together, substituted for the writ of

certiorari a proceeding called an appeal, took away the right to have the proceedings to incorporate boroughs reviewed unless three persons joined in the appeal, and left the jurisdiction of the appellate court the same as upon certiorari: Deniston's Appeal, 9 Pa. Superior Ct. 212; Wilkinsburg Borough, 131 Pa. 365; Camp Hill Borough, 142 Pa. 511.

The record shows that the learned court below had jurisdiction to enter the decree appealed from, the provisions of the acts of assembly were strictly followed in the proceedings and the assignments of error present nothing which we have jurisdiction to review.

Decree affirmed and appeal dismissed at costs of appellants.