## Wernersville Borough.

*Boroughs—Incorporation—Appeals—Certiorari—Review—Record—Evidence.*

An appeal from an order dismissing a petition for the incorporation of a borough, is in the nature of a certiorari, and the appellate court has power to review only the record as brought up without the evidence. If in such a case the lower court's decision is based upon evidence that the petition was not signed by the required number of resident freeholders, the appellate court has no power to review the order.

Argued Nov. 11, 1908. Appeal, No. 128, Oct. T., 1908, by George W. Wertz, from order of Q. S. Berks Co., Miscellaneous Docket, 1907, No. 923, dismissing petition for the incorporation of a borough in the Matter of Incorporation of the Village of Wernersville into a Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for the incorporation of a borough.
The opinion of the Superior Court states the case.

*Error assigned* was order dismissing the petition.

*Leonard G. Yoder*, with him *C. H. Ruhl*, for appellants.

*Isaac Hiester*, for appellees.—The court is without jurisdiction to consider the questions raised by the appellants because the appeal is a substitute for a certiorari which brings up only the record and not the testimony nor the opinion of the court: Quakertown Borough, 3 Grant, 203; Osborne Borough, 101 Pa. 284; Darby v. Sharon Hill, 112 Pa. 66; Camp Hill Borough, 142 Pa. 511; Swissvale Borough, 9 Pa. Superior Ct. 212; Rouseville Borough, 12 Pa. Superior Ct. 126; Swoyerville Borough, 12 Pa. Superior Ct. 118; Moosic Borough, 12 Pa. Superior Ct. 353; Old Forge Borough, 12 Pa. Superior Ct. 359; Mill Creek Borough, 32 Pa. Superior Ct. 465.

PER CURIAM, February 26, 1909:

After the petition for incorporation had been presented and filed, certain resident freeholders filed exceptions to the application and proceedings, which were to the effect (1) that the petition was defective in its averments; (2) that it was not signed by a majority of the freeholders residing within the limits of the proposed borough; (3) that it was not expedient to grant the prayer of the petitioners. The court, after hearing upon depositions, dismissed the petition for want of jurisdiction, and from that decree we have this appeal. The decree does not show on its face whether the decision that there was lack of jurisdiction was based on the alleged defects in the petition or on the matters of fact established by the depositions. But if we look into the opinion for the purpose of ascertaining the grounds of the decision, we find that it was based on the court's conclusion from the evidence that the petition was not signed by a majority of the freeholders residing within the limits of the proposed borough. Whether the question thus decided against the appellants' contention be regarded as a pure question of fact or a mixed question of law and fact, it is apparent that there can be no proper review of the court's decision of it without an examination of the evidence. But it is as well settled as anything can be that under the law as it stood prior to the two Acts of May 9, 1889, P. L. 158–174, the appellate proceeding then called certiorari did not bring up the evidence heard in the court below, and that the law was not changed in that particular by those acts. The name of the proceeding was changed to appeal; but the jurisdiction of the appellate court was not enlarged. Viewing the appeal as in the nature of a certiorari, we are compelled by principle and authority to hold that the court's conclusion from the evidence that the petition was not signed by the required number of resident freeholders is not open to review: Borough of Quakertown, 3 Grant, 203; Darby v. Sharon Hill Borough, 112 Pa. 66; Camp Hill Borough, 142 Pa. 511; Swoyerville Borough, 12 Pa. Superior Ct. 118; Rouseville Borough, 12 Pa. Superior Ct. 126; Moosic Borough, 12 Pa. Superior Ct. 353; Old Forge Borough, 12 Pa. Superior Ct. 359; Mill Creek

Borough, 32 Pa. Superior Ct. 465. If it appeared by the opinion of the court that its decision was based on the ground that the petition was defective on its face a different question would be presented.

Finding no error in the record, and no abuse of discretion being alleged or shown, all of the assignments of error must be overruled for the reasons above suggested.

The order is affirmed.