# East Lansdowne Borough.

*Boroughs—Incorporation of—Appeals—Number of appellants—Act of May 9, 1889, P. L. 174.*

1. Under the Act of May 9, 1889, P. L. 174, which provides that an appeal from a decree incorporating a borough cannot be taken by less than three persons, an appeal may be taken by the township solicitor, and the affidavit required by the statute made by him alone, if it appears that he was authorized to take the appeal by the four township commissioners. In such a case the record may be amended after the appeal has been taken by adding the names of the four commissioners as appellants.

*Boroughs—Incorporation of—Advertising notice of application of— Act of June 26, 1895, P. L. 389.*

2. Under the Act of June 26, 1895, P. L. 389, which requires that notice of an application for the incorporation of a borough "shall be given in one newspaper of the proper county for a period of not less than thirty days immediately before the next regular term following the presentation of such application and the filing thereof," the notice is sufficiently advertised if it appears on February 1, 8, 15, 22 and March 1, preceding the next regular term of the court commencing on March 7.

Argued Nov. 22, 1911. Appeal, No. 144, Oct. T., 1911, by Upper Darby Township, from decree of Q. S. Delaware Co., Misc. Docket D, page 1, Incorporating Borough of East Lansdowne. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Affirmed.

Petition for the incorporation of the borough of East Landsowne. Before BROOMALL, J.

The opinion of the Superior Court states the case.

*Error assigned* was decree incorporating the borough.

*William C. Alexander,* for appellants.—According to the proof of publication the application was advertised in a daily paper of the county for five days only, to wit, February 1, 8, 15, 22 and March 1, 1910. This, the exceptants claim, is not in compliance with the act, as the

said notice should have been advertised every day the paper was published, and the Chester Times being a daily paper, notice should have been advertised daily: Pyne Boro. Incorp., 6 Pa. Dist. Rep. 353; Linton Boro. Incorp., 5 Pa. Superior Ct. 36; Versailles Boro., 159 Pa. 43; Dupont Boro., 14 Pa. Dist. Rep. 675; North Whitehall Twp., 47 Pa. 156; Osborne Boro. Incorp., 101 Pa. 284.

No village should be incorporated unless some good purpose is subserved: Schwenksville Village, 18 Montg. County, 208; Highspire Village Incorp., 5 Dauphin County, 296; Com. v. Blackley, 198 Pa. 372.

*W. Roger Fronefield,* for appellee.—The appeal should be quashed because taken by only one person aggrieved thereby: Wilkinsburg Boro., 131 Pa. 365; Swissvalle Boro. Incorp., 9 Pa. Superior Ct. 212; Rouseville Boro., 12 Pa. Superior Ct. 126.

Publication was sufficient: Jeannette Boro. Incorp., 129 Pa. 567.

The appellate court reviews only the regularity of the proceedings in the court below: Millbourne Boro., 46 Pa. Superior Ct. 25; Moosic Boro., 12 Pa. Superior Ct. 353; Swoyersville Boro., 12 Pa. Superior Ct. 118; Narberth Boro. Incorp., 171 Pa. 211; Taylor Boro., 160 Pa. 475.

OPINION BY ORLADY, J., March 1, 1912:

We are met at the threshold of this case by a motion to quash this appeal, which while entitled "An appeal on behalf of the township of Upper Darby, Delaware County, Pa.," it is in fact taken by "William C. Alexander, Solicitor for the township of Upper Darby," etc. and he alone makes the affidavit required by the statute. The Act of May 9, 1889, P. L. 174, provides, "That in all proceedings for the erection of boroughs, wherein a decree has been entered incorporating any town or village, an appeal shall lie from any decree within twenty days from the recording of such decree, by not less than three persons aggrieved thereby."

The minutes of the township commissioners which are brought before us by the answers filed to the motion to quash the appeal, show the following record: "At a regular meeting of the Commissioners of The Township of Upper Darby, held on June 6, 1911, the following motion was made and carried. Moved by Mr. Shee and seconded by Mr. John T. Wolfenden, that our solicitor be instructed to take an appeal from the decision of the court at Media, in the granting of a Borough to East Lansdowne. It was carried. Members present, Jones, Wolfenden, Shee and Wadas. Members voting, Jones, Wolfenden, Shee, Wadas." This township is of the first class and has a population of about 4,000 persons. It contains property valued, for tax assessment, at $4,725,210. There are already four incorporated boroughs in it, and this application represents 100 freeholders of a total of 133 freeholders within the proposed borough.

We held in Deniston's Appeal, 9 Pa. Superior Ct. 212, that "The right of a single person interested to file exceptions and to contest the proceedings in the quarter sessions, cannot be said to carry with it, by necessary implication, the right of such person to appeal from the decision of that court when the statute regulating the subject declares that in order to bring up the case for review the appeal must be taken by not less than three persons, and in Rouseville Borough, 12 Pa. Superior Ct. 126, that the two Acts of May 9, 1889, P. L. 158 and 174, taken together, substituted for the writ of certiorari, a proceeding called an appeal, took away the right to have the proceedings to incorporate boroughs reviewed, unless three persons joined in the appeal, and left the jurisdiction of the appellate court the same as upon certiorari. In this case the solicitor was directed to take the appeal by the four commissioners of the township. They represented the township and at least acted in behalf of themselves and the thirty-three exceptants. Had their names been used instead of the solicitor the appeal would have been without challenge in this respect. The act does not prescribe that each of the

appellants shall make the oath. It was a clerical omission which it is now sought to remedy by a motion to amend the record by adding their names as appellants. The whole record is before us. The objection is purely a technical one. The motion to amend is allowed and the motion to quash is overruled.

The appellant urges that the application for the charter was not advertised in conformity with the Act of June 26, 1895, P. L. 389, which requires that notice "Shall be given in one newspaper of the proper county for a period of not less than thirty days immediately before the next regular term following the presentation of such application and the filing thereof." The application in this case was advertised in a daily newspaper in the county on February 1, 8, 15, 22, and March 1, preceding the next regular term of the court which commenced on March 7, 1910.

In Jeannette Borough, 129 Pa. 567, notice of the application was given in a daily paper on January 4, 5, 7, and in a weekly paper on January 9, 16 and 23, of 1889, and this was held to be a sufficient compliance with the Act of June 2, 1871, P. L. 283, providing that such notice should be published for a period of not less than thirty days immediately preceding the application. The Act of 1895, prescribes the same terms as to the advertisement. The notice in this case being given for the unit of time named in the act, and this having expired before the commencement of the next term of the court, we deem, that "The public notice required by law appears to have been given" as in Jeannette Borough, 129 Pa. 567. The remaining items of the question involved, present questions of fact, and matters of discretion in the conclusion reached by the court below.

Millbourne Boro. (No. 1.), 46 Pa. Superior Ct. 19, has been so recently decided by this court and the questions therein disposed of are so similar to the ones raised by this appeal, that it is not necessary to repeat the reasons therein given.

The decree is affirmed.