## Sinking Spring Borough.

*Boroughs—Incorporation—Appeals—Evidence.*

1. An appeal from an order of the court of quarter sessions incorporating a borough is in the nature of a certiorari, and takes up the record only. The appellate court cannot pass upon a disputed question as to whether the plot or draft accompanying the application was correct as to its courses and distances.

*Boroughs—Incorporation of—Advertising notice of application—Act of June 26, 1895, P. L. 389.*

2. Under the Act of June 26, 1895, P. L. 389, which requires that notice of an application for the incorporation of a borough "shall be given in one newspaper of the proper county for a period of not less than thirty days immediately before the next regular term following the presentation of such application, and the filing thereof," the notice is sufficiently advertised, if it appears in a weekly newspaper on May 6, 13, 20, 27 and June 3, preceding the next regular term of the court commencing on June 12.

Argued Nov. 12, 1912. Appeal, No. 276, Oct. T., 1911, by Henry M. Grill et al., from order of Q. S. Berks Co., No. 205, Miscellaneous Docket, 1911, Incorporating the Borough of Sinking Spring. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Petition for the incorporation of a borough.  Before WAGNER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Isaac Hiester*, with him *B. Y. Shearer*, for appellant.— The amount of error of closure in this survey is not permissible: Marks v. Ligonier Boro., 233 Pa. 372.

The advertising was insufficient: Hollister v. Vanderlin, 165 Pa. 248; McKee v. Kerr, 192 Pa. 164; Dupont Borough, 14 Pa. Dist. Rep. 675.

*C. H. Ruhl*, with him *W. E. Sharman*, for appellees.

OPINION BY HENDERSON, J., February 27, 1913:

Two objections are made to the action of the court in confirming the proceedings in this case: the first is that the plot or draft accompanying the application is not a correct plot or draft of the courses and distances exhibited in the application; the second is that notice by advertise-

ment in a newspaper was not given as required by the act of June 26, 1895, P. L. 389. We regard the first question as one of fact not properly before us, as appeals in cases of this character have the effect of writs of certiorari and bring up the record only: Darby v. Sharon Hill Boro., 112 Pa. 66; Camp Hill Boro., 142 Pa. 511; Wernersville Boro., 38 Pa. Superior Ct. 462; Millbourne Boro., 46 Pa. Superior Ct. 19. The incorrectness in the plot of the proposed borough is that the courses and distances given in the application do not close. This does not appear by inspection of the plot as filed. The lines of the draft show a connected survey. It is said, however, that by applying a surveyor's test to the courses and distances the last measurement does not terminate at the starting point. A plot introduced by the exceptors shows that according to the calculation of the witnesses the outside line lacked 102.5 feet of closing at the starting point. The evidence on both sides is that in a survey of that character an error of fifty feet is common and that absolute accuracy is not attainable. The learned trial judge having considered the evidence reached the conclusion that the plot correctly expressed the description in the petition and was correct to all practical intent and purpose and this is conclusive where it does not appear from the record that the court was in error. That this was considered to be a question of fact is shown by the action of the exceptors in calling the two witnesses to prove that as a theoretical proposition the survey outlined in the petition did not close. If the case were before us for a consideration of this question we do not find a sufficiently convincing reason for differing from the court below.

Publication of the notice was made in the Reading Weekly Eagle on May 6, 13, 20, 27, and June 3, 1911; in the Reading Daily Eagle on June 10, 1911, and in the Berks County Law Journal on May 4, 11, 18, 25, June 1 and 8, 1911. The term of court at which the case was to be heard began June 12, 1911. The appellants contend that the omission to make publication in the

Reading Weekly Eagle on June 10, was a failure to comply with the direction of the act of 1895, with reference to notice and renders the proceeding void. The act contains the following provision: "The application for such incorporation upon presentation to the court shall be filed with the clerk and notice thereof shall be given in one newspaper of the proper county for a period of not less than thirty days immediately before the next regular term following the presentation of such application and the filing thereof." It is clear that the notice contemplated need not be published every day of the thirty days. The notice must be given in a newspaper of the proper county, and in counties where no daily paper is issued it would be impossible to comply with a requirement for daily publication. A publication for thirty days in a weekly newspaper is a compliance with the requirement of the act. The notice although published only one day in the week is a continuing notice and applies to the days in which editions of the paper are not printed. The requirement that notice must be given for thirty days immediately before the next regular term is not to be so construed as to make a notice necessary on the very day preceding the term. Notice applies to the period—thirty days—and not to any particular day. The publication must be so close to the time when the case is to be heard as to not only bring the subject to the attention of those interested but to keep it before their minds in connection with the contemplated action of the court and when so given the demands of the statute are satisfied. This view was taken in Jeannette Boro., 129 Pa. 567. In that case the publications were in the Weekly Record January 9, 16, and 23, 1889, and in the Daily Record January 4, 5, and 7, 1889, the next term of the court beginning February 7, 1889. This was held to be a sufficient notice. It will be observed too that one of the necessary publications was in a daily paper and the others in a weekly paper. This decision was made under the Act of June 2, 1871, P. L. 283, but the act of 1895 pre-

scribes the same terms in regard to the publication of notice. The same question arose in East Landsdowne Boro., 49 Pa. Superior Ct. 557. There the notice was advertised in a daily newspaper on February 1, 8, 15, 22 and March 1, preceding the next term which commenced on March 7, and this publication was deemed sufficient. Several days elapsed after the last publication in the case above cited during which the advertisement might have been repeated, but the notice as given was in compliance with the spirit of the act and was in fact notice covering the period from February 1, until the meeting of the court on March 7. The case before us has no features which distinguish it from the Lansdowne Boro. case in this respect. After careful attention to the argument of the learned counsel for the appellant we are not persuaded that an error was committed in the decree entered in the court below.

The assignments are overruled and the order affirmed.