## Appeal of Upper Yoder Township et al.

*Boroughs—Incorporation—Exceptions—Assignments of error.*

On an appeal from a decree incorporating a borough, where the only assignment of error is that the court erred in entering the decree, unless it appears upon the face of the record that there is some jurisdictional defect, the judgment must be affirmed.  Whether the incorporation should have been allowed was a question, by law committed to the discretion of the court below, and even if the manner in which that discretion was exercised was the subject of review, it could only be made so by a distinct assignment of error.

*Appeals—Assignments of error—Exceptions.*

On an appeal from a decree incorporating a borough, the question of the sufficiency of the description of the boundaries of the borough will not be considered, where it is not supported by a particular assignment of error.

*Boroughs—Incorporation—Advertising notice of application—Act of May 14, 1915, P. L. 312, article I, chapter 2, section 4.*

Under the provisions of the Act of May 14, 1915, P. L. 312, article I, chapter 2, section 4, which requires that notice of the application for the incorporation of a borough "shall be given in one newspaper of the county, for a period of not less than thirty days immediately before the next regular term following the filing thereof, during which time exceptions may be filed to the application by any person interested," the notice is sufficiently advertised if published thirty days prior to the beginning of the next term of court. The mere addition in the advertisement that exceptions could be filed on or before the first Monday in March, which was the beginning of the next term of court, did not vitiate the notice, particularly as it did no more than add one day in which exceptions could be filed, and exceptions had already been filed within the thirty days.

Argued April 19, 1920.  Appeal, No. 32, April T., 1920, by Upper Yoder Township, from decree of Q. S. Cambria County, Dec. T., 1918, No. 29, incorporating the Borough of Southmont.  Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Petition  for the incorporation of the Borough of Southmont.  Before O'CONNOR, J.

The opinion of the Superior Court states the case.

The court approved the application and entered a decree incorporating the borough.

*Error asssigned* was decree of the court.

*Frank P. Barnhart,* for appellant.—The court had no jurisdiction to decree incorporation where the requirements of the act as to publication of notice were not complied with: Incorporation of Linton Borough, 5 Pa. Superior Ct. 36; Wayne Borough Incorporation, 12 Pa. Superior Ct. 363.

Under all the facts, the decree of incorporation was improperly entered: Prospect Park Borough, 166 Pa. 502; Wyndmoor Borough, 26 Montg. Co. 57; Schwenksville Borough, 18 Montg. Co. 208; Incorporation of Circleville Borough, 28 County Court 509.

*Harry Doer,* for appellee.

PER CURIAM, July 14, 1920:

There is but one assignment of error and that is to the decree of the court entered June 2, 1919, in which it is ordered that the Borough of Southmont be incorporated in accordance to the prayer of the petitioner.  Unless it appear upon the face of the record that there is some jurisdictional defect the judgment must be affirmed: Alliance Boro., 19 Pa. Superior Ct. 178.

First, the correctness of the notice of the time allowed to file exceptions to the incorporation of the borough is

attacked. The Act of May 14, 1915, P. L. 312, article I, chapter 2, sec. 4, provides in regards to the incorporation of boroughs, "Upon presentation to the court the application shall be filed with the clerk, and notice thereof shall be given in one newspaper of the county, for a period of not less than thirty days immediately before the next regular term following the filing thereof, during which time exceptions may be filed to the application by any person interested." The notice was given for the prescribed time. It however stated that exceptions thereto could "be filed on or before the first Monday of March, 1919." It does not appear of record that the first Monday of March, 1919, was the beginning of the next term of court but assuming that it was, we do not think the use of the words "on or before" instead of "before" vitiates the notice, or renders void the proceedings. The fact nevertheless remains that the thirty days' notice required in this act was given. Had any one been misled by the notice they might have filed their exceptions on the first day of the term and been in a position to attack the proceedings. As the time provided in this act has been adhered to, but merely an additional day added, the regularity of this notice should be questioned by some one who was misled, not by one who filed his exceptions within thirty days.

As was said in Edgewood Borough, 130 Pa. 354, in regard to a notice which was claimed to be informal it "is sufficient in the present instance, for the reason that notice has been actually taken, and all parties desiring to make objections are here in court to be heard." The appellants have lost no opportunity or advantage therefore and have been in no way prejudiced. See In re Millbourne Borough, 46 Pa. Superior Ct. 19. If there were less than thirty days during which the notice was given our conclusion would be different, but as said before, the act was complied with in that the requisite number of days were given for the filing of exceptions and the added day could only injure some one who was

misled thereby.    See East Landsdowne Borough, 49 Pa. Superior Ct. 557; Jeannette Borough, 129 Pa. 567, as to notices which were not published "immediately" before the next term.

Second, the sufficiency of the description of boundaries is questioned.    This is not supported by an assignment of error.    Each error relied on must be specified particularly and by itself, Rule XIV of the court.    See West Liberty Avenue, 70 Pa. Superior Ct. 348.    It is said there is a hiatus between the borough as formed and the neighboring Borough of Westmont of about seventy-five feet.    We have examined the descriptions given and there is no doubt about it that the two boroughs are contiguous and that if there be any mistake in any one of the courses and distances the designation of Westmont Borough as one of the boundaries will cure it.    A draft filed in the case also shows that the borough hereby erected and the borough of Westmont are contiguous. The matter has also been cured by amendment.

Third, the expediency of the decree of incorporation is questioned.    We repeat what was said by our Brother Porter in Alliance Boro., supra, "Even if the manner in which that discretion was exercised was the subject of review, it could only be made so by a distinct assignment of error."

The assignment of error is overruled and the decree of the lower court is affirmed.