## Case of the Borough of West Philadelphia.

5ws281
159   44
5ws281
166   76
5 WS 281
19 SC ¹181

An Act of Assembly empowering the Court of Quarter Sessions to incorporate any town or village containing 300 inhabitants, on the petition of a majority of the freeholders residing within the limits of the village or town, does not authorize the incorporation into a borough of two or more distinct villages, together with a tract of open farming country.

If, it did, it must appear that a majority of the whole mass joined in the petition.

A statute authorizing an incorporation on the petition of a bare majority, is not to be carried farther than its words absolutely require.

A certiorari to the Quarter Sessions to remove the proceedings for incorporating a borough, may issue without a special allowance.

THIS was a certiorari to the Court of Quarter Sessions of *Philadelphia* county, to which the following petition was presented by Joseph Leman and twenty others:

" The petition of the undersigned freeholders, residing in the eastern section of Blockley township, including West Philadelphia, Hamilton Village, Greenville and Powelton, and within the limits comprised in the accompanying plot or draft, bounded as therein described, viz.: Beginning at the mouth of Mill Creek on the river Schuylkill, thence up the said creek to the Darby or Chester road, thence along said road to the western boundary line of Hamilton Village as originally laid out, thence along the same to the West Chester road at the Welsh graveyard, thence along the West Chester or Washington street to Cedar lane, and along Cedar lane to the Lancaster turnpike-road, and thence along said road to the division line between John Britton's land and that of the late William Bingham's estate, thence along the said line to the river Schuylkill, and thence down said river at low-water mark to the place of beginning. Respectfully showeth, that there are more than 300 inhabitants within the above described limits, (and the number probably exceeds 800). That your petitioners believe the good of the public and the interest of the inhabitants will be promoted by the incorporation into a borough of the several villages contained within the aforesaid limits. Your petitioners, comprising a majority of the resident freeholders of said villages, therefore respectfully pray your honours to lay their application before the grand jury; and if by them certified, that you decree the same to be incorporated into a borough, under the name or title of the ' Borough of West Philadelphia,' agreeably to the provisions of the Act of Assembly in such cases made and provided." (April 1st 1834).

This petition was accordingly laid before the grand jury then

in session, who found that it was expedient to grant the prayer of the petitioners agreeably to the plot submitted. The court ordered it to be laid over to the next sessions according to law, and at December Sessions decreed on the 14th of January 1837, that the borough be incorporated by the name and style of West Philadelphia, and that the prayer of the petitioners be in all respects granted, and that the proceedings be entered of record.

The appellant, John Hare Powell Esq., filed the following exceptions to the proceedings:

Because the court incorporated into one borough, the towns or villages of West Philadelphia, Hamilton, Greenville and Powelton.

Because the town or village of West Philadelphia was incorporated into a borough without the petition or assent of a majority of the freeholders resident therein, and without its appearing on the record that there was such petition and assent.

Because the town or village of Hamilton was incorporated into a borough, without the petition or assent of a majority of the freeholders resident therein, and without its appearing on the record that there was such petition and assent.

Because the town or village of Greenville was incorporated into a borough without the petition and assent of a majority of the freeholders resident therein, and without its appearing on the record that there was such petition and assent.

Because the town or village of Powelton was incorporated into a borough without the petition or assent of a majority of the freeholders resident therein, and without its appearing on the record that there was such petition and assent.

Because the court incorporated into a borough the town or village of Hamilton, which does not contain 300 inhabitants, and is not averred on the record to contain them.

Because the court incorporated into a borough the town or village of Greenville, which does not contain 300 inhabitants, and is not averred on the record to contain them.

Because the court incorporated into a borough the farm of the appellant, under the name of the village or town of Powelton, when the same does not contain 300 inhabitants.

Because the court incorporated into a borough a farm, the property of the appellant, under the name of the town or village of Powelton, when in truth the same is not a town or village, but appears from the record to be a tract of open country.

Because the court incorporated into a borough several square miles of open country, containing within them respectively no town, village, or assemblage of houses whatever.

Because the court incorporated into a borough several square miles of open country, without the petition or assent of the freeholders resident thereon.

*H. M. Phillips*, for the borough, moved to quash the certiorari,

[Case of the Borough of West Philadelphia.]

because it did not lie and had not been specially allowed; and these points, with the exceptions, were argued by

*J. C. Hare* and *Meredith*, for the appellant;
*Hanna*, same side, for the Guardians of the Poor;
*H. M. Phillips* and *Randall*, for the borough.

The opinion of the Court was delivered by

GIBSON, C. J.—Under a well-balanced constitution, the legislature can no more delegate its proper function than can the judiciary. It is on the preservation of the lines which separate the cardinal branches of the government, that the liberties of the citizen depend; for a consolidated sovereignty, in whatever form, is a despotism in so far as it subjects the governed, not to prescribed rules of action, to which he may safely square his conduct before-hand, but to the unsettled will of the ruling power, which cannot be foreseen; and a government becomes consolidated in proportion as its legislative branch abandons its own functions, or usurps those which have been vested elsewhere. In the very constitution of things, the whole people of a State cannot assemble together to exercise their sovereign power in person; and it is not to be regretted that they cannot, for their rule being untrammelled by anything but their own will, would be as arbitrary and fitful in its exercise as any other uncontrolled domination. When they delegate it to an undivided agency, they slip their hold on it, and in turn become its slaves. These are considerations to show that the exercise of a doubtful power under the constitution, is not to be extended by implication, even where the lines of demarcation are so fine as to be almost invisible. The Legislature may certainly authorize a corporation to enact ordinances and by-laws; for these are not only incidental, but rules of self-government such as any other individual may prescribe for his own conduct; and it may also authorize voluntary associations to assume corporate powers in specific cases, on the performance of certain conditions, as it has done in the case of associations for literary, charitable or religious purposes. But the statute before us, giving, as it does, the Quarter Sessions power to incorporate on the petition of a bare majority, and consequently to subject the citizen to taxation without his consent, and standing thus on a more questionable basis, is not to be carried further than the words of it absolutely require. What are they? They empower the Quarter Sessions to incorporate "any town or village containing 300 inhabitants;" but they give no authority to roll two villages into one, much less to work up with the mass a tract of country which is no village at all. It would be idle to require a given amount of numbers, if a deficiency could be supplied by dragging in the neighbours. The words do not embrace a champaign country, but a collection of houses, collocated after something like a regular plan in regard to streets and

lanes, without intervening farm-land, but with a convenient cur-
telage attached to each. Now, as every such collection, having
the requisite number of inhabitants, is entitled to be separately
incorporated, it could not have been intended that a village which
had not yet attained the proper size might be swallowed alive and
assimilated by its older and more vigorous brother. The statute
requires that the petition for incorporation be signed by a majority
of the freeholders residing within the limits of the village or town;
but what would be a compliance with it in this case, where there
are not only two villages, but a tract of open country to boot? To
carry out the spirit of the law would require the signatures of a
majority of the freeholders in each village as separate communities,
as well as the signatures of a majority of those in the vicinage.
But this principle of representation has not been provided for, and,
consequently, no such case as the present was in view. But a majo-
rity of the whole mass is expressly required to give the Quarter
Sessions jurisdiction, and it is nowhere asserted that the signers in
this case were such; so that the proceeding could not be sustained
on any principle of construction. But surely the Legislature never
meant to allow a larger village to force a smaller one into munici-
pal union with it, or to compel a farmer to pay scot and lot for the
improvements and police of a borough in which he has no commu-
nity of interest. The Legislature may, and sometimes does, annex
a portion of contiguous territory to a city or borough; but it does
so by force of a power which it has not delegated. In every
aspect, then, this act of judicial incorporation was irregular.

                                        Proceedings quashed.