## Borough of Quakertown.

3g      203
38SC   ²463

3g   203
225   4 21

1. The Supreme Court have power by certiorari to review the proceedings of Courts of Quarter Sessions incorporating boroughs.

2. Nothing can be heard on certiorari except what appears of record.

3. The legislature not having subjected the Court of Quarter Sessions to the operation of bills of exception, there is no way in which testimony or the ruling of the court touching its competency or effect can be got on the record.

4. After the jurisdiction of the Court of Quarter Sessions has attached in the matter of a borough incorporation, it cannot be ousted by the recantation of some of the petitioners.

5. The limit of a borough incorporation is a matter of discretion with the Quarter Sessions, and not reviewable in the Supreme Court.

CERTIORARI to the Court of Quarter Sessions of *Bucks County*.

*C. E. DuBois*, for plaintiff in error.

The opinion of the court was delivered May 21st, 1855, by

WOODWARD, J.—The acts of assembly giving the Quarter Sessions and grand juries the power to incorporate boroughs have not in terms taken away our superior powers and duties, and therefore we cannot deny to parties the common law writ of certiorari. But it has been often asserted, as a principle, that nothing can be heard on certiorari excepting what appears of record, and the legislature have not thought proper to subject the Quarter Sessions to the operation of bills of exception. There is no way in which testimony, or the ruling of the court touching its competency or effect, can be got upon the record. Of course all errors assigned as to such matters are labor lost.

The record shows that the petitioners for the borough were a majority of the freeholders residing within the limits of the village of Quakertown, and the depositions designed to disprove this are no part of the record, and therefore cannot be noticed. The court were right in disregarding the recantation of some of the petitioners, for after the jurisdiction had attached, they could not oust it by any act of theirs. The second thought may have been better than the first, but it came too late.

The second error is extremely sharp. The people prayed for an incorporation under the name, style, and title of the Borough of "Quakertown," the grand jury certified that it was expedient to grant their prayer, and the court decreed that their village be and the same is hereby incorporated by the name, style, and title within the limits and for the purposes hereinbefore designated and set forth, and now it is objected that they did not decree it a name. The decree was insub-

stantial if not in exact conformity with the act of assembly. Such general words of relation rendered a repetition of the corporate name unnecessary. *Id certum est quod certum reddi potest.*

3d. The time of holding the election is no part of the decree of incorporation, and if an error was committed in fixing it, this certiorari cannot correct it.

4th. It is impossible for us, as a court of review, to say what are reasonable limits for a borough. The legislature have vested this discretion in the grand juries and the Courts of Quarter Sessions. The only words descriptive of what may be incorporated are, "*any town or village within their respective jurisdiction.*" The qualification in the act of 1st April, 1834, that it shall contain not less than three hundred inhabitants, was repealed by the act of 3d April, 1851, sec. 21, and now the Quarter Sessions have the power, with the concurrence of the grand jury, to incorporate *any* town or village. What constitutes a town or village within the meaning of the act was perhaps as well defined in the case of the *Borough of West Philadelphia,* 5 W. & S. 281, as it ever will be. Doubtless the jurisdiction is limited to the subject matter, and hence it was held in that case that two neighboring villages could not be rolled together, and, with the intervening open county, be incorporated into a borough. But where a single village is incorporated, it is not for us to decide that more territory has been included than the act contemplated. Because it is a single village the Quarter Sessions have jurisdiction, and because they have jurisdiction the limits are matter of discretion which is not reviewable here. It is quite possible that the facility with which little villages procure corporate powers to the prejudice of the rural vicinage demands legislative restraint. It certainly requires great circumspection on the part of tribunals with whom the discretion is lodged, and complaints are becoming frequent, but as the law stands we have no corrective power when, as in this case, the Quarter Sessions have kept within the delegated authority.

There is nothing in the fifth error to merit remark.

                                        The proceedings are affirmed.