159    43
25 SC '557

## Versailles Borough. Wilson's Appeal.

*Boroughs—Incorporation—Practice—Record.*

The statutes which confer upon the courts of quarter sessions the power to incorporate boroughs by and with the concurrence of the grand jury of the county must be strictly construed, and performance of all the conditions essential to the exercise of this power must appear affirmatively on the record.

*Signing petition for incorporation—Act of June 2, 1871.*

In order to sustain a judicial incorporation of a borough it must appear upon the record that the application for it was signed by the petitioners within the three months immediately preceding its presentation to court, and that they were a majority of the freeholders residing within the limits of the town or village proposed to be incorporated.

Where the record does not show that the petition was signed within three months preceding its presentation, the court will not infer that it was so signed from a date upon the plot accompanying the petition.

Argued Oct. 24, 1893. Appeal, No. 47, Oct. T., 1893, by Robert Wilson et al., remonstrants, from order of Q. S. Allegheny Co., June T., 1892, No. 11, incorporating borough of Versailles. Before STERRETT, C. J., GREEN, MCCOLLUM, MITCHELL and THOMPSON, JJ.

Petition for incorporation of borough.

From the record it appeared that the petition, signed by thirty-nine persons, was presented in court June 18, 1892. The jurat annexed to the petition set forth that the subscribers to the petition were all resident freeholders of the district proposed to be incorporated, and " that they represent and consti-

tute a majority of the resident freeholders of said district." It did not appear either from the petition, the jurat or any papers of record that the petition was signed by the petitioners within three months preceding its presentation. It is stated in appellees' paper-book that the plan attached to the petition shows on its face that the petition was prepared in April, 1892, but neither plan nor date is given in the paper-book. A remonstrance was filed signed by thirty-one persons. The grand jury recommended that the prayer of the petition should be granted, and an order was accordingly entered incorporating the borough. No exceptions were filed.

*Errors assigned* were (1) above order, quoting it; (2) confirmation of report when it does not appear that the petitioners signed within three months of presentation in court.

*W. A. Challener* for appellants, cited: Act of June 2, 1871, § 1, P. L. 283; Rhoads' Ap., 101 Pa. 284; Fowler v. Eddy, 110 Pa. 117; Musselman's Ap., 101 Pa. 165; Wright v. Millikin, 152 Pa. 511.

*E. P. Douglass*, for appellee.—The plan shows that the petition was signed in April, 1892.

Exceptants, by appearance, waived objection to jurisdiction.

OPINION BY MR. JUSTICE McCOLLUM, December 30, 1893:

The statutes which confer upon the several courts of quarter sessions within this commonwealth the power to incorporate boroughs by and with the concurrence of the grand jury of the county, must be strictly construed, and performance of all the conditions essential to the exercise of this power must appear affirmatively on the record. In Borough of West Philadelphia, 5 W. & S. 281, Chief Justice GIBSON referred to the act of April 1, 1834, in relation to the incorporation of boroughs, as standing on a more questionable basis than legislation authorizing corporations to enact ordinances and by-laws, and said it "is not to be carried further than the words of it absolutely require." It was held in the case cited that while the words of the statute empowered the court of quarter sessions to incorporate any town or village containing three hundred in-

habitants they did not authorize the incorporation into a borough of two or more distinct villages, together with a tract of open farming country. The provision of the act of 1834 which required that the town or village to be incorporated should contain not less than three hundred inhabitants, was repealed by the act of April 3, 1851, so that the power to incorporate now extends to any town or village " without regard to the population thereof." It is necessary to the exercise of this power that the application to incorporate any town or village shall be in writing and signed by a majority of the freeholders residing within its limits, and that "it shall set forth the name, style and title of the proposed borough, with a particular description of the boundaries thereof, exhibiting the courses and distances in words at length, and be accompanied with a plot or draft of the same." It was decided in Borough of Little Meadows, 28 Pa. 256, that to show the court had jurisdiction it should appear upon the record that there was a town or village to be incorporated and that a majority of the freeholders therein petitioned for the incorporation. It is provided in section 1 of the act of June 2, 1871, P. L. 283, that the application shall be signed by the petitioners whose names are attached thereto, within three months immediately preceding its presentation to the court. This provision was considered in Borough of Osborne, 101 Pa. 284, and as the record did not show compliance with it the proceedings were set aside. We regard it as settled by the cases cited that in order to sustain a judicial incorporation of a borough it must appear upon the record, inter alia, that the application for it was signed by the petitioners within the three months immediately preceding its presentation to the court, and that they were a majority of the freeholders residing within the limits of the town or village proposed to be incorporated. As it does not appear in the record of the case before us when the application was signed, the proceedings must be set aside.

It would seem from the certificate of the grand jury and the decree of the court that the additional conditions prescribed by the act of June 2, 1871, were not considered. But it was suggested by the counsel for the petitioners that we might infer that the application was signed within the prescribed time, from a date upon the plot which accompanied it. If we were at lib-

erty to supply a defect in the record by an implication, we think we would not be justified in drawing the inference suggested. A date upon the draft which accompanied the petition is not sufficient ground for concluding that a condition essential to the affirmative action of the court was complied with.   We discover nothing in the proceedings before the grand jury or the court which cures the defect in the record or prevents the parties aggrieved by the decree from taking advantage of it.

Decree reversed and proceedings set aside.