## OEHLER *et al.* v. BIG STONE CITY.

1. Comp. Laws, § 1115, provides that on petition signed by not less than three-fourths of the legal voters, and by the owners of not less than three-fourths in value of the property, in any territory within any incorporated city, and being on the border and within the limits thereof, the city council may disconnect and exclude such territory from such city. Section 1117 provides that on the failure of the council to grant the request the petition may be presented to the circuit court, where a hearing thereof may be had, and section 1118 authorizes the court to enter judgment thereon as justice may require. Plaintiffs presented such a petition to the city council, where it was denied, and they then presented it to the court, where all allegations, except that the land was within the city, were denied. Held, that it was incumbent on plaintiffs to show that the petition was signed by at least three-fourths of the legal voters residing within the territory sought to be excluded, and by the owners of at least three-fourths in value of the property, and judgment in their favor without such proof was erroneous.

2. Under Comp. Laws, § 1115, authorizing the exclusion from a city of ter-

ritory on its border and within its limits, it is not necessary that each tract should be on the border, but each tract must be a part of the territory on the border which is asked to be excluded.

(Opinion filed July 2, 1902)

Appeal from circuit court, Grant county. Hon. A. W. CAMPBELL, Judge.

Petition by William Oehler and others to disconnect and exclude certain property from the corporate limits of Big Stone City. From a judgment in favor of plaintiffs, the city appeals. Reversed.

*Thomas L. Bouck,* for appellant.

*George S. Rix,* for respondents.

CORSON, J.　The plaintiffs, claiming to be the owners of certain lands not platted into lots and blocks within the city limits of defendant city and on the borders thereof, presented a petition to the city council of said city, in which they represented that they were the owners of all the lands described in the petition, and that they constituted more than three-fourths of the legal voters within the territory therein described, and prayed that the same might be disconnected and excluded from the corporate limits of said city. The city council denied the request of said petitioners, and thereafter, in due time, the petitioners presented to the circuit court a petition in which they stated substantially the facts stated in their former petition, and in addition thereto the fact that said petition had been presented to said city council, and that said city council had refused to grant the same. The city filed its answer admitting that the lands' described in the petition were situated within the city limits of said city, and denied each and every other allegation therein contained. Upon the issues thus presented

a trial was had in the circuit court, resulting in findings and conclusions of law in favor of the plaintiffs and against the said city, and from the judgment entered thereon the defendant has appealed to this court.

The appellant contends that the findings are not supported by the evidence, in that there was not sufficient proof that the plaintiffs constituted three-fourths of the legal voters within the territory sought to be disconnected or were the owners of three-fourths of the property in value therein, and that for these reasons the court was not authorized to enter the judgment in favor of the plaintiffs. The petition purports to have been signed by five persons in their own names, and by one G. Kuehner, per H. Jurgens. Appellant further contends that the court erred in its findings and judgment in favor of the plaintiffs for the reason that it was shown that part of the land sought to be excluded was not upon the border of said city, and also that the city had a bonded indebtedness of $4,500, contracted while the lands in controversy were a part of the city, and that it would be inequitable and unjust to allow these lands to be withdrawn and excluded from the city limits, and thereby impose upon the remaining portion of the city the increased burden of paying all the interest and principal of these bonds. The proceedings to disconnect these lands were instituted under the provisions of section 1115, Comp. Laws, which reads as follows: "On petition in writing signed by not less than three-fourths of the legal voters and by the owners of not less than three-fourths (in value) of the property in any territory within any incorporated city or town, and being upon the border and within the limits thereof, the city council of the city or board of trustees of the town, as may be the case, may discon-

nect and exclude such territory from such city; provided, that the provisions of this section shall only apply to lands not laid out into city or town lots or blocks." The case was tried in the circuit court under the provisions of section 1117, which provides that upon failure of the city council to grant the request contained in the petition the petitioners may present their petition to the circuit court, where a hearing thereof may be had at a regular or special term of said court or by the court in vacation. And section 1118 provides as follows: "If upon the hearing the court shall find that the request of the petitioners ought to be granted and can be so granted without injustice to the inhabitants or persons interested the court shall so order. If the court shall find against the petitioners the petition shall be dismissed at the cost of the petitioners."

It will be noticed that by section 1115 the petition presented to the city council must be signed by not less than three-fourths of the legal voters, and by the owners of not less than three-fourths in value of the lands sought to be disconnected and excluded, and that the territory sought to be excluded must not have been laid out into lots or blocks, and that the same must be upon the border of the city. These conditions must not only be stated in the petition, but they must in fact exist. Assuming for the purposes of this decision that the city council had jurisdiction by reason of the allegations in the petition when the case was presented to the circuit court, and the allegations of the petition were denied, it was necessary for the petitioners to establish by competent proof the existence of the required conditions in order to call into exercise the judicial power of the circuit court. It was essential, therefore, that the plaintiffs prove that the petition was in fact

signed by at least three-fourths of the legal voters residing within the territory sought to be excluded, and by not less than three-fourths of the owners of the property in value within the said territory.

It may be stated as a general rule that in proceedings taken under the statute its provisions must be substantially followed, and the conditions therein specified must be fully complied with. In re Borough of Versailles, 159 Pa. 43, 28 Atl. 230; Stewart v. Adams, 50 Kan. 560, 32 Pac. 122. In the former case the petition for the incorporation of a borough was required to be signed by the petitioners within three months preceding the time it was presented to the court, and it was held by the supreme court of the state of Pennsylvania that a failure of the record to show when the petition was signed, except from an inference from the date of the bill accompanying it, rendered the proceedings fatally defective; and that learned court, in the course of its opinion, says: "The statutes which confer upon the several courts of quarter sessions within this commonwealth the power to incorporate boroughs by and with the concurrence of the grand jury of the county must be strictly construed, and performance of all the conditions essential to the exercise of this power must appear affirmatively on the record." In proceedings to disconnect and exclude territory included within the city limits, the provisions of the statute must be as fully complied with as in proceedings for incorporating municipalities.

In the case at bar there does not seem to have been any evidence as to the number of legal voters within the territory sought to be excluded, nor does there seem to be any competent evidence that the petition was signed by the owners of not

less than three-fourths in value of the property within the said territory. The legal voters referred to in the statute are the legal voters residing within the territory sought to be excluded. So far as the evidence in this case discloses, there was only one voter within the territory sought to be excluded whose name was attached to the petition, and whether or not he was a legal voter does not appear except by inference, and there seems to have been no competent evidence that any of the persons whose names were signed to the petition were in fact owners of not less than three-fourths of the lands within the territory sought to be excluded.

It will be observed by the reading of section 1115 that the term territory is used when speaking of the lands sought to be excluded. The same term is used in section 1114 in speaking of lands sought to be annexed to the city. The term "territory" as used in these two sections includes all the various pieces or parcels of land sought to be excluded or annexed, and it is sufficient that the territory described lies upon the border of the city, and that any piece or parcel of land sought to be excluded is within that territory. It is not necessary, therefore, that each particular tract or parcel of land sought to be excluded is upon the border of the city, provided it is a part of the territory which is sought to be excluded.

It is quite clear in this case that the findings of the circuit court that the petition was signed by the required number of legal voters and the owners of not less than three-fourths of the property was not supported by the evidence, and for these errors the judgment of the court below must be reversed, and a new trial granted; and it is so ordered. In the view we take of the case, it will not be necessary to pass upon the other questions presented by the appellant in his brief.