## Greensburg Garbage Disposal Plant.

*Boroughs—Garbage disposal plants—Detriment to neighboring property— Act of May 14, 1915.*

1. Upon an application to the Court of Common Pleas for the approval of a site for the location of an incinerating or garbage destruction plant under the Borough Code of May 14, 1915, P. L. 312, the "detriment" to neighboring properties, referred to in chap. 6, art. xviii, § 14, of the act, must be understood in a relative sense, otherwise it might be impossible to obtain a site which would not be in some degree detrimental to some neighboring property.

2. The "detriment" to neighboring properties, referred to in the statute, does not embrace injury thereto for which damages could be recovered by action at law. Neither does such a detriment rise to the height of a nuisance which a court of equity could enjoin. The detriment contemplated is more akin to the injury which a neighboring property suffers from the operation of a railroad in a lawful manner without negligence, unskillfulness or malice.

3. In the case at bar, owing to the character of neighboring properties, their uses and probable future development, the application was refused.

Petition for the approval of a site for the location of an incinerating or garbage destruction plant. C. P. Westmoreland Co., Feb. T., 1922, No. 344.

*Richard D. Laird* and *Gregg & Gregg,* for petitioner.

*Wyant & Abraham, Smith & Best* and *Marker & Rial,* contra.

WHITTEN, J., Jan. 27, 1922.—This is an application for the approval of a site for the location of an incinerating or garbage destruction plant for the use of the Borough of Greensburg.

Corporate action was taken by the Borough of Greensburg for that purpose, as appears by a resolution of its town council, approved by its chief burgess Nov. 7, 1921. Upon presentation of this petition, the court fixed a date for hearing those who might desire to object to such location. Prior to the hearing, objections were filed to such location by Kelly & Jones Company, Hempfield Foundries Company, Inland Realty Company, and a remonstrance was filed by more than 300 citizens and taxpayers residing in the Borough of Southwest Greensburg.

The site selected by the Borough of Greensburg for the location of its incinerating or garbage destruction plant consists of a tract of land containing 8.448 acres, situate in the adjoining Borough of Southwest Greensburg. Its location is in the industrial district of said Borough of Southwest Greensburg, and is in close proximity to the factory owned by Kelly & Jones Company, which factory employs 1800 persons when the plant is in full operation. The factory of the Hempfield Foundries Company is located across the street from the proposed incinerating plant.

The petitioner called expert and other witnesses, who described the structure of the proposed incinerating plant and explained the method of its operation. It is estimated that a total of about twelve tons of garbage would be collected daily in the Borough of Greensburg, and that this would produce about five tons of ash, and that the ash, if the plant be operated properly, would be entirely free of germs and odors.

The testimony of some of these witnesses was to the effect that the operation of an incinerating plant under proper conditions would not be a detriment to neighboring properties, no matter where such plant should be located; that such a plant should send forth no odors whatever of decaying organic matter, and that neither the plant nor its operation should offend the eye or any of the senses. These witnesses, however, admit that, by reason of an unwarranted prejudice against living in close proximity to such a plant, the present

location for the purposes aforesaid might make neighboring properties less desirable, and perhaps depreciate the market value of the same.

On the other hand, witnesses called by those objecting to the location testified that the mere assembling of such a large amount of garbage in the heart of an industrial district would be a serious detriment to such industries, and would probably prevent the extension of such plants or the location of new ones in that vicinity, and that the desirability of land in that immediate neighborhood for residential or industrial purposes would be very much lessened and its market value reduced.

The Borough Act of May 14, 1915, ch. 6, art. XVIII, § 14, P. L. 312, 334, provides: "But if objection" (to a proposed location of an incinerating plant) "be made, then the court shall proceed to hear the matter and determine whether the location is a detriment to neighboring properties."

The term "neighboring properties" would embrace not only adjacent properties, but also other properties in the same vicinity. The Kelly & Jones Company's plant and the Hempfield Foundries Company's plant should be classed as neighboring properties.

More than 300 resident citizens and taxpayers of the Borough of Southwest Greensburg object generally to the hauling of all the garbage produced in the Borough of Greensburg to a location within the Borough of Southwest Greensburg, there to be burned. The Act of April 1, 1834, P. L. 163, provides: "The several Courts of Quarter Sessions . . . shall have power . . . to incorporate any town or village." This does not authorize the incorporation into a borough of two or more villages together with a tract of open farming country: West Philadelphia Borough, 5 W. & S. 281.

No more than the village itself, with its proper territory, can be thus incorporated: Little Meadows Borough, 28 Pa. 256, 35 Pa. 335.

Therefore, the territory included in any incorporated borough is in contemplation of law a village or town, and does not include open farming country.

Whether the title to the location for the incinerating plant without the limits of said borough can be acquired by the exercise of eminent domain, or only by agreement with the land owner, we are not now called upon to decide.

Neither is it necessary to decide whether such a plant may be located within the limits of an adjacent borough. However, if the operation of such a plant—as the petitioner's expert witnesses contend—would not be detrimental, even to the best residential properties in a city, there would be no necessity to seek a location without the limits of the Borough of Greensburg.

The test provided by the statute is whether such a location would be a detriment to neighboring properties.

The term "detriment" must, of course, be understood in a relative sense; otherwise, it might be impossible to obtain a site which would not be detrimental, in some degree, to some neighboring property.

The statute seems to contemplate that the location and operation of such a plant may be a detriment to neighboring properties. Certain industrial plants are considered nuisances when located in the heart of a city, but are not so considered when located in open farming country: Rhodes v. Dunbar, 57 Pa. 274; Wier's Appeal, 74 Pa. 230; Alexander v. Stewart Bread Co., 21 Pa. Superior Ct. 526.

The detriment to neighboring properties referred to in this statute does not embrace injury thereto for which damages could be recovered by an action at law. Neither does such detriment rise to the height of a nuisance which a court of equity would enjoin. The detriment contemplated by the statute is more akin to the injury which a neighboring property suffers from

2 D. & C.

the operation of a railroad in a lawful manner, without negligence, unskillfulness or malice: Pennsylvania R. R. Co. *v.* Marchant, 119 Pa. 541.

In the case last cited the location of a railroad within the city limits was an absolute necessity in order to afford transportation to such point. Here, there is no necessity for constructing an incinerating plant in a neighborhood where large industrial plants have been located for many years, and in a district where some dwelling-houses are already located and others are likely to be located.

In view of the character of the neighboring properties, and the uses to which they are now devoted, and the probable future development of these properties, the court is constrained to conclude that the location selected by the petitioner for the operation thereon of an incinerating or garbage destruction plant would be a detriment to the neighboring properties and should not be approved.

### Decree.

And now, Jan. 27, 1922, this case came on for hearing upon the petition of the Borough of Greensburg and objections filed by owners of neighboring properties, and after hearing the parties and their witnesses, arguments of counsel, and after due consideration, the court does not approve the location as selected by the petitioner as a site for its proposed incinerating or garbage destruction plant, and the prayer of the petition is, therefore, denied.