## Lewisburg's Annexation.

*Boroughs — Annexation of territory — Boundary-line passing through dwellings—Election of owner as to residence—Persons qualified to sign petition for annexation—Acts of May 24, 1878, and May 14, 1915.*

1. Where, in a proceeding to annex a portion of a township to a borough, it appears that three of the signers of the petition owned and occupied a dwelling-house through which the boundary-line between the borough and township passed, and there is nothing to show that either they or their predecessors in title had made any election to choose their residence, as provided by the Act of May 24, 1878, P. L. 131, such persons will be regarded as residents of the township, and, therefore, qualified to be signers of the petition for annexation as provided by the Act of May 14, 1915, P. L. 312, 323.

2. In such case, the fact that the signers had paid taxes and voted in the borough is immaterial.

3. The statutes which confer upon the several Courts of Quarter Sessions in the Commonwealth the power to incorporate boroughs by and with the concurrence of the grand jury of the county must be strictly construed, and performance of all the conditions essential to the exercise of this power must appear affirmatively on the record.

*Boroughs—Annexation of territory—Certificate of grand jury—Acts of April 1, 1834, and May 14, 1915.*

4. The words "when in session, and if a majority of the said grand jury, after full investigation of the case, shall find that the conditions presented by the act have been complied with," as contained in the Act of April 1, 1834, § 3, P. L. 163, and omitted from the Act of May 14, 1915, chap. 3, art. 1 (*b*), § 12, P. L. 323, are merely surplusage, and their omission from the latter act makes no change in the law as it was under the former act.

5. The certificate of the grand jury on a petition for annexation of territory to a borough, consisting of the mere word "Recommended," is insufficient, and the return of the grand jury will not be approved by the court.

6. The certificate should set forth briefly the proceedings had before the grand jury, whether or not they deem it expedient to grant the prayer of the petition, and the reasons supporting the action taken by them in the premises.

Exceptions to the report of grand jury. Q. S. Union Co., Jan. Sess., 1923.

*Harry M. Showalter,* for petitioners.

*Frederic E. Bower* and *Cloyd Steininger,* for exceptants.

POTTER, P. J., March 30, 1923.—At January 1923 Sessions of this court a petition was presented, praying for the annexation to the Borough of Lewisburg of certain adjacent territory lying in the Township of East Buffalo, as

4 D. & C.

is shown by the plot or draft of the same, attached to the said petition. The petition was referred to the grand jury at the same session, who duly heard testimony and arguments both for and against it, and returned it to the court with the following endorsement: "Recommended 17 to 4. Geo. F. Clapp, Foreman, Jan. 8, 1923."

Exceptions were filed to this report, as well as to the proceedings had on the petition, which are now before us for disposition.

The exceptions filed are as follows:

1. That the petition and attached draft show that the territory proposed to be annexed embraces four-fifths of the grounds of the Lewisburg Cemetery Association, on which there are no residences or living inhabitants.

2. That the inclusion of said cemetery grounds is merely a device to bring in the inhabitants along Walker Street, which is practically a separate and distinct tract when the cemetery grounds are excluded.

3. That the question of the annexation of said territory (excepting only the cemetery grounds) was passed upon adversely, by a unanimous vote of the grand jury at September Term, 1922, and there has since been no change in conditions justifying a reversal of their finding.

4. That in accordance with the spirit of Rule No. 152, no petition for the annexation of the territory in dispute should have been entertained for one year from September Term, 1922.

5. That the unanimous finding of the grand jury at September Term, 1922, should be taken into consideration now in determining whether to approve or disapprove the finding of the present grand jury.

6. That the territory proposed for annexation is irregular, uneven, broken and unsymmetrical in shape, and there is no advantage, either to the Borough of Lewisburg, the parties to be annexed, or to East Buffalo Township.

7. That a number of the counter-petitioners have already constructed sewerage at their own expense after being refused the privilege of connecting with the sewerage system of said borough.

8. That to compel the counter-petitioners and objectors to come into said borough at this time would impose upon them undue and severe burdens of taxation.

9. That the line of said territory, beginning at an intersection of 9th and St. Anthony Streets, is made to run along the east side of 9th Street, on which side there are no residences, and leaves the whole of said street in East Buffalo Township, together with many residences along the west line of said street.

10. The petitioners for annexation do not constitute a majority of the resident freeholders of the territory proposed to be annexed.

One additional exception should appear among the files. We do not know what has become of it. Sufficient to say, it is not among the files. It was, however, argued and replied to on the argument of this case, and we, therefore, will treat it as if among the files of the case. The exception is in substance as follows:

11. The report of the grand jury on the petition is fatally defective and does not comply with the requirements of the statute.

In the consideration of the matters involved in this case this exception will be known as No. 11.

We have carefully gone over all these exceptions, and we must candidly say that we see no merit in the first nine. The tenth and the eleventh, however, are more serious, and on these two depends the ultimate outcome of the matters in controversy.

We will first consider No. 10. It is admitted by both sides that there are fifteen freeholders residing within the limits of the territory proposed to be annexed. Chapter 3, article I *(b)*, section 11 of the Borough Code of 1915, P. L. 312, 323, providing for annexation on petition of freeholders outside the borough, provides that the petition shall be signed by a majority of the freeholders residing within the territory to be annexed. The petition is signed by nine persons, who represent themselves to be freeholders residing within the territory to be annexed. If this be correct, that would finally settle this exception. It is claimed, however, by the exceptants, who are the counter-petitioners, and the Supervisors of East Buffalo Township, that three of these nine signers are residents of the Borough of Lewisburg, which, if correct, would reduce the number of petitioners to six, less than a majority.

Testimony was taken on this question, which tends to establish the following facts: That the borough-line as it now exists passes through the residences of Melville D. Nesbit, Mayme Myers and Mrs. Ada Stuck, three of the petitioners, in such proportion as to place from four-fifths to five-sixths of each of these dwelling-houses in East Buffalo Township, in the territory proposed to be annexed; that they are and have been for many years back assessed in the Borough of Lewisburg, where they also paid their taxes and voted; that none of them ever made an election as to whether they would be residents of Lewisburg or East Buffalo Township, and they know of none of their predecessors in title or possession doing so; that by searching in the Commissioners' office of Union County, no such elections nor any records of any can be found.

The Act of May 24, 1878, § 1, P. L. 131, provides as follows: "From and after the passage of this act, whenever the dividing-line between any township and borough, or between any two townships in this Commonwealth, as now or may be hereafter located, shall pass through the mansion-house of any tract of farm land, it shall be and may be lawful for the owner of the land so divided to choose as the place of residence of its occupants, either of the township or the borough, by a written notice of his election to the commissioners of the county: Provided, that a choice so made shall be binding on the owner or occupiers of such mansion-house and on future owners thereof. And provided, further, that in case of the neglect or refusal of the owner of such land to make an election as aforesaid, the persons occupying said mansion-house shall be regarded as residing wholly within the township, and the assessor of such township shall in such case, or when he elects to reside in the township, assess therein such persons and all the farm or tract of land on which such mansion-house is erected."

These three persons, never having made an election, nor any other person or persons having done so for them, in accordance with this act, should be assessed in and be residents of East Buffalo Township. But it is claimed that since they were assessed, paid taxes and voted in Lewisburg, they are, by virtue thereof, residents of that borough, and that the assessors, or the tax collectors, or the election boards can assign them their place of residence. We know of no law investing any of these officers with any such authority, and we know of no law authorizing any such inference to be drawn from the circumstances as developed in this case. These three persons, never having made an election, nor any other person having done so before them or for them, belong in East Buffalo Township, are residents there, are assessable there, are taxable there, and should vote there.

The statutes which confer upon the several Courts of Quarter Sessions
4 D. & C.

within this Commonwealth the power to incorporate boroughs by and with the concurrence of the grand jury of the county must be strictly construed, and performance of all the conditions essential to the exercise of this power must appear affirmatively on the record: Versailles Borough, Wilson's Appeal, 159 Pa. 43.

In West Philadelphia Borough, 5 W. & S. 281, Chief Justice Gibson says, speaking of the statutes in relation to the incorporation of boroughs: "It is not to be carried further than the words of it absolutely require." And, applying this strict construction to the present controversy, we must find that in order to entitle these three persons to be residents of Lewisburg, they, or some one before or for them, must needs have filed their election. Having failed so to do, they cannot be regarded as residents of Lewisburg simply because some one assessed them there, or because they were taxed there, or because they were permitted to vote there; but to entitle them to be residents of Lewisburg, they must strictly comply with this statute and make their election. Not having done so, they are residents of East Buffalo Township, and as such they had a right to sign the petition for annexation. Their names, therefore, will be allowed to stand on the petition, thus giving it nine names, or a majority of the freeholders residing in the territory proposed to be annexed. Accordingly, the tenth exception is dismissed.

We will next dispose of the eleventh exception, which, according to the authorities hereinafter cited, we think, is well taken.

Chapter 3, article I *(b)*, section 12 of the Borough Code of 1915, P. L. 312, 323, provides as follows: "The court shall cause the petition to be laid before the grand jury, and, if the grand jury shall believe it expedient to grant the prayer of the petitioners, they shall *certify* the same to the court, which *certificate* shall be entered of record for confirmation by the court. The court may make such order thereon as to right and justice shall appertain. . . ."

This is practically a re-enactment of the Act of April 1, 1834, § 3, P. L. 163, which provided as follows: "The court shall cause the aforesaid application to be laid before the grand jury when in session, and if a majority of the said grand jury, after a full investigation of the case, shall find that the conditions prescribed by this act have been complied with, and shall believe that it is expedient to grant the prayer of the petitioners, they shall certify the same to the court, which certificate shall be entered of record. . . ."

The words "when in session, and if a majority of the said grand jury, after a full investigation of the case, shall find that the conditions prescribed by this act have been complied with," as contained in the Act of 1834, are omitted from the Borough Code of 1915. From our viewpoint, these words are mere surplusage, and their omission from the Act of 1915 makes no change in the law as it was under the former act. Certainly the petition must be presented to the grand jury "when in session," and "a majority of the grand jury" must control their official action, and they must make "a full investigation of the case," and they must "find that the conditions prescribed by this act have been complied with" before they can make an affirmative report on the petition. All this they would need to do without any directions so to do by the act. If that is true, then these words are superfluous and could have been omitted from the Act of 1834 without in any manner destroying its meaning. Without these superfluous words the act would convey the same meaning as with them, and the meaning of the Act of 1834 and the Act of 1915 are identical, and the decisions of the appellate courts, passing upon the Act of 1834, will apply with equal force to the Act of 1915.

It will be noted that both the Act of 1834 and the Act of 1915 provide that "if the grand jury shall believe it expedient to grant the prayer of the petitioners, they shall *certify* the same to the court, which *certificate* shall be entered for confirmation by the court."

A certificate is defined as "a voucher or testimony of certain facts stated in writing and legally authenticated:" Worcester's Unabridged Dictionary. Also, as "a writing made in any court, and properly authenticated, to give notice to another court of any thing done therein," or "a writing by which testimony is given that a fact has or has not taken place:" 1 Bouvier's Law Dictionary, 250, 251. Also, as "a writing by which an officer or other person bears testimony that a fact has or has not taken place; a written testimony to the truth of any fact; a writing so signed and authenticated as to be legal evidence; a writing by which testimony is given that a fact has or has not taken place:" 6 Cyc., 728. Also, "popularly a term which would import a document in which the officer issuing the same purports to state on his own authority that certain acts have been done:" 11 Corpus Juris, 77.

As we have hereinbefore stated, the certificate of the grand jury on the petition consisted of the one word "Recommended," It surely cannot be contended that this one word is a certificate. It is not a document. It is not a writing by which testimony is given of the approval of the petition. It may be true that it does signify that this grand jury looked with favor on the petition, but it fails to state how, or why, or for what reason they so regarded it. They apparently deem it "expedient to grant the prayer of the petitioners;" but it fails to give to the court any reason for it.

In the case of In re Summit Borough, 114 Pa. 362, *et seq.*, the return of the grand jury was "Approved. J. W. Wonders, Foreman." An exception was taken to this return. Mr. Justice Clark, delivering the opinion of the appellate court, says: "The word 'approved,' it must be conceded, does not convey the full expression of the requirements of the statute. Although such a finding might fairly import that the project of incorporation met with the approval of the jurors, it could not be understood to signify that the conditions prescribed by the statute had been complied with. We think such a practice is too loose, and that the public interests would be better subserved by adhering to the positive directions of the statute. The grand jury will thus have called to their attention the specific matters for investigation, and will more readily apprehend the true nature and extent of the inquiries which they are to make. The certificate of the grand jury, in such cases, should set forth, substantially. that, after a full investigation of the case, the jurors find that the conditions prescribed by the statute have been complied with, and that they believe that it is expedient to grant the prayer of the petitioners."

In the case of Freeland Borough, 13 Pa. C. C. Reps. 399, the return of the grand jury was: "Now, Sept. 10, 1892, presented to the grand jury in session and by them approved. F. A. B. Koons, Foreman." And this return was held by Judge Rice to have been fatally defective, and this return contains more than does that of the case at bar.

It is clearly the province of the grand jury, subject to the revisional authority and discretionary powers of the Quarter Sessions in the premises, to determine all questions of fact and expediency that are necessary to a valid decree of incorporation: Narberth Borough. Ellis's Appeal, 171 Pa. 211, 219, 220.

We are clearly of the opinion that neither the words "recommended" or "approved" are sufficient as a certificate of the proceeding of the grand jury. There should be a certificate, and we think the provisions of the law relative to the incorporation of boroughs should be strictly complied with: Versailles

4 D. & C.

Borough, 159 Pa. 43; West Philadelphia Borough, 5 W. & S. 281. In the case at bar, we do not think the return of the grand jury is a compliance with the law as is contemplated.

The certificate of the grand jury should set forth briefly the proceedings had before them, whether or not they deem it expedient to grant the prayer of the petitioners, and the reasons supporting the action taken by them in the premises.

We will frankly say we would rather approve than disapprove the return of the grand jury, but we cannot approve it with this defective return staring us in the face. Any errors in the proceedings had better be corrected now, than to put either party to the expense and trouble of having them corrected on appeal.

And now, to wit, March 30, 1923, for the reasons herein given, the return of the grand jury is not approved.    From Charles P. Ulrich, Selins Grove, Pa.