## In re Incorporation of East York Borough.

*Schmidt, Keesey, Stair & Kurtz*, for petitioners.

*C. W. A. Rochow* and *John E. Brenneman*, for remonstrants.

NILES, P. J., May 5, 1930.—Under the provisions of the General Borough Act of May 4, 1927, P. L. 519, an application for the incorporation of East York Borough was presented to the Court of Quarter Sessions of York County, filed with the clerk Dec. 2, 1929, and notice thereof ordered to be published for a period of not less than thirty days immediately before the January Term, 1930, which was done, and the legal evidence thereof duly filed. There appeared upon this petition for incorporation 107 signatures, seven of whom were shown to be nonresidents. On Jan. 6th, being the first day of the term, a petition was filed containing fifty-seven signatures of persons who

had signed the petition for incorporation, praying for permission to withdraw their signatures, and opposing and objecting to the incorporation. It was alleged that these fifty-seven persons had signed the original petition for incorporation under misrepresentation and without full understanding. No evidence was offered to sustain these allegations. On the same day, Jan. 6, 1930, exceptions to the proposed incorporation were filed with the signatures of fifty-five other alleged resident freeholders of the territory proposed to be incorporated. Thereafter, testimony was taken before the court, and the matter came up for argument March 11, 1930. On the day of the argument, another petition was filed by three alleged resident freeholders desiring to join in the petition for incorporation. A remonstrance, signed by forty-seven resident freeholders, was also filed Jan. 6, 1930.

A requisite of jurisdiction in the quarter sessions is that the territory proposed to be incorporated shall be a town or village within the county. Another requisite for jurisdiction is that the application shall be signed by a majority of the freeholders residing within the limits of the proposed borough. If the court having jurisdiction shall find that the conditions prescribed have been complied with, it may grant the prayer of the petition and make a decree accordingly.

Counsel on behalf of the objectors contend that the evidence does not show that the territory proposed to be incorporated constitutes a village within the contemplation of the law. The evidence shows that upon the 197 acres within the boundaries fixed there are 106 residences situated upon convenient highways, a church, school house, the Pennsylvania Realty Investment Company's office, and several garages. Attempt has been made by some of the inhabitants to care for their community interests through the East York Improvement Association. The facts revealed by the evidence are sufficient for the court to consider as an element of jurisdiction the neighborhood within the limits of the proposed borough to be a town or village.

It is admitted by all parties concerned that a majority of the freeholders residing within the limits of the proposed borough did sign the original petition filed Dec. 2, 1929. This gave jurisdiction, and imposes upon the court the duty of determining whether the prayer of the petition for incorporation should be granted and a decree made accordingly.

In the exercise of the discretion imposed, we are of opinion that, unless there appears some substantial and positive evidence that the incorporation would be unwise and inexpedient, the deliberately express judgment of a majority of the freeholders ought to be concurred in by the court.

A peculiarity of this case is that when the matter came on for hearing a majority of the freeholders, by their remonstrance petition and through their counsel, were objecting to the incorporation and are persisting in their opposition. This objecting majority is produced by the action of fifty-seven of the signers of the original petition for incorporation subsequently signing a remonstrance and attempting to invalidate their former act. Counsel for the petition for incorporation contend that the signers of the original petition had no right to withdraw therefrom after the same had been presented to the court, and that their joining subsequently in the remonstrance must be considered as a nullity. Authorities cited are to the effect that petitioners may not oust the jurisdiction of the court after that jurisdiction has attached by reason of their petition. This would seem to be in accordance with Flemington Borough, Walker's Appeal, 168 Pa. 628; In re Quakertown Borough, 3 Grant, 203; In re Old Forge Borough, 12 Pa. Superior Ct. 359; the decision of Judge Yerkes in the Court of Quarter Sessions of Bucks County, In re

Tullytown Borough, 1 Dist. R. 292; decision by Judge Shull in the Court of Quarter Sessions of Perry County, In re East Newport Borough, 35 Pa. C. C. Reps. 617; decision by Judge Endlich in the Court of Quarter Sessions of Berks County, In re Wernersville Borough, 5 Berks Co. L. J. 364.

As the record now stands, with the agreement of counsel, there seem to be within the limits of the proposed borough 114 freeholds. Of these, fifty-four are held by married couples as owners in entireties. Counting these husbands and wives who have filed petitions as each a resident freeholder, for the purpose of invoking jurisdiction of the court, the total number of resident freeholders may be considered as 156; and the majority required as signers to the petition for incorporation would be seventy-nine. The original petition for incorporation was signed by 100, which is over a majority of the 156 resident freeholders. By their petition filed Jan. 6, 1930, fifty-seven of the resident freeholders who had signed the original petition asked leave to withdraw therefrom and object to the incorporation. This would leave only forty-three out of the whole number of 156 resident freeholders at the time of the final hearing persisting in the application for incorporation. If the fifty-seven should be considered now as objecting and added to the forty-seven objectors in the first remonstrance, the number of resident freeholders now objecting is 104 as against the forty-three who remain asking for incorporation.

It was questioned whether a married couple holding a freehold by entireties should be counted as one or two. As the calculation either way would make no material difference in the result, it is unnecessary to rule on this point.

Since the argument, counsel have been given an opportunity to ascertain further the sentiments of the residents of the territory, and have filed by general consent further petitions for and against the incorporation signed by resident freeholders and also by resident taxpayers.

The Borough Act of May 14, 1927, § 301, P. L. 519, 531, provides that the charter of a borough may be annulled upon petition of two-thirds of the taxable inhabitants. Evidence has been submitted which seems to clearly indicate that more than two-thirds of the taxable inhabitants are opposed to the incorporation and would favor a decree of annulment of the charter, if granted. This situation is taken into consideration by the court in its action.

As the record now stands, we are persuaded that to incorporate this territory as a borough against the present large preponderance of expressed sentiment in opposition would not give promise of such harmonious neighborhood coöperation as would be highly desirable for success. Therefore, our conclusion is that, under the present circumstances as in this proceeding revealed, the incorporation of East York Borough according to the petition filed Dec. 2, 1929, must be refused.

There have been some necessary legal costs incurred. These should not be paid by those of the parties who did not withdraw from the original petition, but should be paid by the fifty-seven whose withdrawal from the original petition and signature to the remonstrance makes the proceeding abortive.

All signers to any of the petitions filed are parties in court and are, of course, entitled to no witness fees.

The expense of the advertisements required by law are to be included in the costs payable as above indicated.

And now, to wit, May 5, 1930, the application for the incorporation of the Borough of East York, filed Dec. 2, 1929, is refused; and the legal costs of the proceeding are imposed upon the signers of the petition of withdrawal and remonstrance filed Jan. 6, 1930.

From George Hay Kain, York, Pa.