## Borough of Bonneauville Incorporation

184

*Donald G. Oyler*, for petitioners.

*Eugene R. Hartman*, contra.

SHEELY, P. J., July 22, 1961. — The two issues presently before the court are very narrow: (1) Within what time after a petition for incorporation of a borough is filed may parties aggrieved request the court to change the boundaries of the proposed borough so as to exclude their land used exclusively for the purpose of farming or other large and unsettled lands;

and, (2) after the filing of a petition for the incorporation of a borough, and after hearing held thereon, may the court permit signers thereof to withdraw their signatures. These matters must be determined before the application for incorporation can be considered on its merits.

A petition was filed praying for the incorporation of a section of Mt. Pleasant Township into the Borough of Bonneauville, the area to be included containing approximately 750 acres, of which approximately 700 acres is farm land. Notice of the filing of the petition, stating when and where it was filed, the time during which exceptions could be filed thereto, and the time fixed for hearing thereon, was duly advertised as required by law. Exceptions were filed by the Supervisors of Mt. Pleasant Township, who also appeared at the hearing and gave testimony in opposition thereto. No other persons filed exceptions or appeared in opposition.

After the hearing had been concluded and the matter was in the hands of the court for final decision, a petition was presented signed by 19 persons (in some cases both husband and wife signed), alleging that land belonging to them was embraced within the boundaries of the proposed borough and that such lands are exclusively used for the purpose of farming or are large and unsettled and do not properly belong to the proposed borough, and praying the court to change the boundaries of the proposed Borough of Bonneauville so as to exclude such lands therefrom. The "incorporators" filed preliminary objections to this petition, alleging that it was not timely filed, since it was not filed within the time allowed for exceptions to the petition for incorporation or prior to the hearing on that petition.

At the time fixed for argument on the preliminary objections, counsel for the persons seeking to have

their lands excluded filed another petition signed by 60 persons who had signed the original petition for incorporation, asking permission to have their names withdrawn from the original petition. Questions raised by the two petitions were argued together.

Under section 201 of The Borough Code of May 4, 1927, P. L. 519, as amended, 53 PS §45201, the courts of quarter sessions are authorized to incorporate any town or village into a borough. Sections 202 and 203 prescribe the form and requisites of the application for incorporation, which shall be by a petition. Section 204 provides for presentation of the petition to the court, the filing thereof with the clerk and the giving of notice thereof by advertisement for a period of 30 days immediately following the filing thereof, "during which time exceptions may be filed to the petition by any person interested," the notice to "state when and where the petition was filed and the time during which exceptions may be filed to the petition." Section 206 provides that if the boundaries of the proposed borough as fixed by petitioner shall embrace lands used exclusively for the purposes of farming or other large and unsettled lands, the court may, if it determines such land does not properly belong to the proposed borough, at the request of any party aggrieved change the boundaries so as to exclude therefrom the land used for farming or such other purpose.

It will be observed that the code provides for two separate and distinct procedures after a petition for incorporation is filed. Under section 204, "exceptions" may be filed to the petition, and under section 206 "requests" for exclusion of farm lands may be filed. The exceptions may be filed by "any person interested" and must be filed during the 30-day period of advertising immediately following the filing of the petition,

and the time during which exceptions may be filed must be stated in the advertisement. The "requests" to exclude farm lands must be filed by a "party aggrieved," which must be construed to mean the owner or a party having an interest in such land (In re Division of Alliance Borough, 7 Northumb. 396, 2 Blair 34 (1900)), and no limit of time for filing is prescribed. Exceptions go to the regularity of the proceedings or the propriety of the incorporation, while the request for exclusion affects merely the land sought to be excluded and does not oppose the incorporation of the remaining territory.

Since the purpose of exceptions is to attack the regularity of the proceeding or the propriety of the incorporation, it is important that they be filed promptly and before the hearing on the petition. They point out the issues on which the exceptants are to be heard and which the incorporators must be prepared to meet at the hearing on the petition for incorporation. There are many reasons why requests for exclusion should also be made before hearing on the petition for incorporation. They relate to the same general matter to be considered by the court at the hearing and should be disposed of along with the petition for incorporation. It is possible that the granting of a number of exclusions might affect the action by the court on the petition for incorporation. The court could not pass finally upon that petition until the requests for exclusions are determined, and the late filing of such requests must necessarily result in additional hearings and delay.

By analogy to the provision requiring exceptions to be filed within 30 days, it might be held that requests for exclusion must be filed within a like period, or at least, prior to the time for hearing the petition. On the other hand, a property owner should not be com-

pelled to have his farm property included in a borough against his will without being afforded an opportunity to be heard. Since the legislature has not seen fit to limit the time for filing such requests as it did in the case of exceptions, we believe it is discretionary with the court to receive them at any time before final action on the petition for incorporation.

Originally it was held that only villages proper could be incorporated as boroughs and that adjoining farm lands could not be included: Case of Borough of West Philadelphia, 5 W. & S. 281 (1843) ; Borough of Little Meadows, 35 Pa. 335 (1860), in which the court said:

"The fundamental mistake consists in supposing that any more than the village proper, with its proper territory, can be incorporated."

In Borough of Blooming Valley, 56 Pa. 66 (1867), it was pointed out that later statutes "clearly show the legislative intent, that the extent and character of the land are not per se controlling objections if the parties to be affected are willing to be included." The court warned, however, that "A court should, however, always exercise a sound discretion in these respects." In that case there was a collection of houses extending along a State road, and the proceeding creating the borough was affirmed, although much of the 1,203 acres within the boundaries was farm land.

In Eden Park Borough Incorporation, 158 Pa. Superior Ct. 40, 42, 43 (1945), it was stated, with relation to the incorporation of several villages and the intervening land, that the question is not whether the villages are physically distinct and separated, or locally known by different names, but whether they, together with appurtenant lands, ". . . form one harmonious whole with interests in common which

can be properly subserved by borough government."

In Pleasant Hills Borough Incorporation Case, 161 Pa. Superior Ct. 259, 261 (1947), the only dissent to the incorporation came from three farmers who sought to have their lands excluded. The court said:

"It is no objection that farm lands were included in the incorporated area. Under Article II, section 206, of the Act of May 4, 1927, P. L. 519, 53 PS §12256, the governing statute, a court may, but is not obliged, to exclude farm lands from a borough on incorporation. Vacant lands may be appurtenant to a town and considered part of it if '. . . so related to the developed portion that it will naturally and within a reasonable time come to be built up and improved'."

In that case, one of the farms had been subdivided into building lots and the other two undoubtedly would be in the not distant future. Furthermore, the farm lands were in the same watershed as the remaining borough as incorporated and were essential to the proper functioning of any sewer or drainage system furnishing the area.

From this review of the development of the law relative to the inclusion of farm land within a borough, it will be seen that petitioners for exclusion are incorrect in their argument that the court cannot lawfully incorporate a village so as to include within the boundaries a large body of surrounding farm lands. At the same time, such lands should not be included against the wishes of its owners unless the land is so related to the developed portion that it will naturally and within a reasonable time, come to be built up and improved or is essential to the operation of the functions of the proposed borough. In this area of the law there is the principle of selfdetermination giving the land owners the right, within limits, of determining the form of government they desire. It

is not difficult to conceive of many abuses that would follow if a small group could impose their will arbitrarily upon individual owners of large tracts of land.

In view of what has been said, and particularly in view of the fact that the petition for incorporation includes approximately 750 acres of land, of which approximately 700 acres is farm land, we are constrained to allow the present requests for exclusion to be filed and to direct a hearing thereon.

We have the further question of the petition of some of the signers of the original petition to withdraw their names therefrom. A petition for incorporation is required to be signed by a majority of the freeholders residing within the limits of the proposed borough: Section 202 of The Borough Code, as amended, 53 PS §45202. This is jurisdictional and upon the filing of such petition, otherwise complying with the provisions of the code, the court has jurisdiction to proceed with the matter. A party has the right to sign or refrain from signing a petition, and might withdraw his signature after signing and before the petition has fulfilled its purpose. But after the petition has fulfilled its purpose, in this case the attachment of jurisdiction by the court, a party cannot withdraw his signature without just cause: Incorporation of Flemington Borough, 168 Pa. 628, 638 (1895); Borough of Quakertown, 3 Grant 203 (1855), in which the court said: "The second thought may have been better than the first, but it came too late;" Incorporation of the Borough of Old Forge, 12 Pa. Superior Ct. 359, 362 (1900), in which the court said: "Petitioners cannot thus play fast and loose with the court, . . ." If this were not true, all proceedings would depend upon the whim of a few persons signing the original petition.

Counsel for petitioners to withdraw concedes that

they may not withdraw their signatures to the original petition. He contends, however, that the petition should be considered by the court as evidence of opposition to the incorporation by persons in the area affected. The difficulty with this contention, however, is that the method prescribed by The Borough Code for opposing incorporation of a borough is by filing exceptions which must be done within 30 days of the filing of the petition and before hearing thereon. To permit the present petition to be considered as evidence in the case would be the equivalent of permitting exceptions to be filed after the time limit of the statute. Furthermore, it would be most dangerous for a court to be influenced by petitions in the determination of facts which must be determined from testimony produced at a hearing at which all parties may be present and be heard and may cross-examine witnesses.

The allegations of the petition to withdraw clearly and eloquently demonstrate why such petitions should not be considered. The allegation is that petitioners signed the original petition with a misunderstanding of, or without fully understanding, the legal effects of incorporation of the borough, and that, since signing, they have learned of their previous lack of understanding, or misunderstanding, of the legal effects of the incorporation and have been advised of the true legal effects thereof. The questions are immediately raised as to whether their original understanding or their subsequent understanding of the legal effect of incorporation is correct; who has since advised them of "the true legal effects"; was such advice correct, and what pressures were brought upon them to sign the second petition?

It is quite evident that there are certain persons in the community in favor of the incorporation of the borough and certain persons who have belatedly de-

cided to oppose incorporation. (It is noted that the same person executed the affidavits to the requests for exclusion of farm lands and the petition to withdraw signatures.) Legal issues cannot be determined by a tug of war between opposing sides getting signatures to petitions attempting to influence action by the court.

Counsel for petitioners relies upon In re Incorporation of East York Borough, 15 D. & C. 144 (1930), 44 York 145, and In re Incorporation of part of Pulaski TP. as Pulaski Borough, 17 Lawrence 191 (1958). In the former case, the court would not permit the withdrawal of signatures to the original petition but did consider petitions filed by counsel for and against the incorporation, in view of the provisions of section 301 of The Borough Code, as amended, providing for annulment of a charter. The petitions there were presented before hearing and subsequent proceedings were by agreement between the parties. The court's final decision was based on its finding, after hearing, that the large preponderance of expressed sentiment against incorporation indicated that there would not be such harmonious neighborhood cooperation as would be highly desirable for success. In the Pulaski Borough case, there was no petition to withdraw signatures from the original petition, but many of the signers of the original petition later signed as exceptants, which was necessarily within the 30-day period and before the hearing. After hearing, the court dismissed the petition because the desired unanimity of sentiment was lacking. These cases do not apply to the present situation, and the petition to withdraw signatures must be dismissed and cannot be considered in any way.

And now, July 22, 1961, the petition to withdraw signatures from the petition for incorporation is dismissed. The preliminary objections to the petition for

exclusion of farm lands are overruled, and the "incorporators" are directed to file an answer thereto within 15 days of this date.